UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

RUBEN CARTAYA MARTINEZ,

                Petitioner,

v.

WARDEN, EDEN DETENTION
CENTER,

                Respondent.

No.  6:26-CV-00200-H

## ORDER

Petitioner Ruben Cartaya Martinez, a self-represented immigrant detainee, filed a 28 U.S.C. § 2241 habeas petition challenging his prolonged detention in the Eden Detention Center.  Dkt. No. 1.  He also filed an emergency motion for a temporary restraining order (TRO), seeking to prevent his removal from the United States while his petition remains pending, his transfer to another district without prior notice to the Court, and any retaliatory conduct for filing the petition.  Dkt. No. 2.  Additionally, Petitioner filed a motion seeking expedited review of his petition.  Dkt. No. 5.  As explained below, the motions are denied.

## 1.    Legal Standards

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005).  This power authorizes the Court to choose the order in which to hear and decide pending matters.  *Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 218 (5th Cir. 1998).  There is no statutory or constitutional right to the disposition of a habeas motion within a specific time.  *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to

vacate sentence under 28 U.S.C. § 2255).  Section 1657 requires that courts expedite matters when good cause is shown.  But this requirement is "relative, not specific."  *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief.  *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021).  The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest.  *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy."  *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).  "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'"  *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).  To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction."  *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2.      Analysis and Conclusion**

Petitioner seeks relief on an emergency basis. After reviewing Petitioner's pleadings and supporting records and the applicable law, the Court concludes that Petitioner has not satisfied all of the elements necessary to warrant a TRO or any type of emergency relief at this time. In particular, Petitioner fails to show that there is a substantial likelihood that he will be able to demonstrate that his detention violates the Constitution or laws of the United States, that there is a substantial threat of irreparable harm, or that issuing the injunction will not disserve the public interest.

First, Petitioner admits that an immigration judge recently ordered his removal from the United States and that his appeal of the removal order remains pending before the Board of Immigration Appeals (BIA). Dkt. No. 1 at 5. Thus, Petitioner fails to show that his continued detention is currently unlawful or that his removal is imminent. Accordingly, the Court denies Petitioner's request to enter a TRO preventing his removal.

Alternatively, and in any event, the Court lacks jurisdiction to grant a stay of removal. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v.*

*Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).  The Court therefore lacks jurisdiction to stay or otherwise prevent Petitioner's removal.

Second, Petitioner's possible transfer to another district in the future will not affect the Court's jurisdiction to adjudicate his petition.  Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change.  *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014).  Thus, to the extent Petitioner seeks an order preventing his transfer to another district, the request is denied as unnecessary.

Lastly, because Petitioner does not plead any facts whatsoever to show that any retaliatory conduct by Respondent is imminent or likely to occur, the Court denies his request for relief on that ground.

For the same reasons, the Court concludes that Petitioner fails to demonstrate that expedited review of his petition is warranted.  Petitioner's petition remains pending, and the Court will enter a separate show cause order requiring an answer from Respondent and setting a briefing schedule.

So ordered.

Dated May 13, 2026.

James Wesley Hendrix
United States District Judge

4