UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

RUBEN CARTAYA MARTINEZ,

Petitioner,

v.

No. 6:26-CV-00200-H

WARDEN, DIAMONDBACK
CORRECTIONAL FACILITY,

Respondent.

## ORDER

Petitioner Ruben Cartaya Martinez recently filed an amended habeas petition challenging his prolonged immigration detention. Dkt. No. 19. He also filed a second motion for temporary restraining order and preliminary injunction, seeking his immediate release from the Diamondback Correctional Facility and an order enjoining his re-detention during the pendency of this case. Dkt. No. 20. Because the motion improperly requests the same relief sought in his petition, the motion is denied.

### 1.    Legal Standard

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the

merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

2.      **Analysis and Conclusion**

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion requests the same relief sought in his amended habeas petition. In particular, he seeks release from custody under supervision and an order enjoining the government from re-detaining him while this case remains pending. Dkt. No. 20 at 31–32. But the ultimate relief that he seeks in his amended petition is the same—immediate release from custody and an order preventing his re-detention. Dkt. No. 19 at 42–43. Because the preliminary relief sought by Petitioner in the motion improperly seeks the same ultimate relief requested in the amended petition, the motion is denied.

Petitioner's amended petition remains pending. The Court will determine whether Petitioner is entitled to the relief that he seeks after it reviews Respondent's forthcoming answer and any reply that Petitioner should choose to file. *See* Dkt. No. 18.

So ordered.

Dated July 22, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge